IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| **TERRELL WINBUSH** )<br>)<br>*Plaintiff,* )<br>v. )<br>)<br>**ALPLA, INC.** )<br>)<br>*Defendant.* )<br>) | Civil Action No. _____ |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant ALPLA, Inc. ("Defendant") hereby removes this action from the Kenton County Circuit Court, Commonwealth of Kentucky ("State Court"), in which court the cause of action was filed, to the United States District Court for the Eastern District of Kentucky, Covington Division. In support thereof, Defendant states as follows:

1.   Defendant exercises its right under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 to remove this case from the State Court, in which the case was filed under the name and style, *Terrell Winbush v. ALPLA, Inc.*, Kenton County Circuit Court, Division III, Commonwealth of Kentucky, Case No. 21-CI-00320.

2.   28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the Defendant to the district court of the United States for the district and division embracing the place where such action is pending."

3.   This is a civil action that was instituted in the State Court, and has not been tried.

16377616v1

4. Plaintiff Terrell Winbush ("Plaintiff") filed a Complaint against Defendant in the State Court on or about February 26, 2021 and an Amended Complaint (the "Amended Complaint") on or about March 18, 2021. A true and correct copy of the Summons, Complaint, Amended Complaint with Exhibit, tendered agreed Order of Dismissal and Order of Partial Dismissal served on Defendant and filed with the Kenton County Circuit Court is attached hereto as Exhibit A.

5. Defendant was served copies of a Summons and the Amended Complaint on March 23, 2021.

## DIVERSITY JURISDICTION

6. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### Complete Diversity of Citizenship

7. Plaintiff is a citizen of Ohio. (*See* Exhibit A, Amended Complaint at Para. 1.)

8. Defendant is a Georgia corporation with its principal office in Georgia. (*See id*. at Para. 2.)

9. Accordingly, there is complete diversity of citizenship.

### Amount in Controversy

10. The amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Although Plaintiff's Amended Complaint does not explicitly state the amount of damages he seeks, "[t]he assertion[s] in [this] initial pleading[] and attached evidence permit the Court to find that it is more likely than not that the amount in controversy exceeds $75,000."

*Shupe v. Asplundh Corp.*, No. 12-286-KKC, 2013 WL 647504, at *2 (E.D. Ky. Feb. 21, 2013), *aff'd sub nom.*, 566 F. App'x 476 (6th Cir. 2014).

12. Indeed, this Court has held that where (as here) claims are brought under KRS § 344 by a former employee seeking lost pay, attorneys' fees, and emotional damages, the $75,000 threshold can be satisfied *even if* the complaint does not state the amount of damages sought. *See Shupe*, 2013 WL 647504, at *2 ("Shupe claims discrimination and retaliation in violation of the Kentucky Civil Rights Act, KRS § 344.010 *et seq*. If successful on this claim, Shupe may recover actual damages, including damages for back pay, front pay, lost benefits, humiliation and embarrassment, and attorney's fees. . . . Shupe also seeks damages for humiliation and embarrassment and may recovery attorneys' fees under the statute, and so these may be considered when determining the amount in controversy. . . . Based on these combined damages—back pay, front pay, humiliation and embarrassment, and attorney's fees—the Court is satisfied that the amount in controversy more likely than not meets the statutory requirement for federal jurisdiction.").

13. Notably, in *Shupe*, the defendant provided evidence that the former employee worked a full schedule at $15.00 per hour. *See id*. Based on simple math, the Court determined that "[i]n this case, back pay alone would total more than $68,000 if trial occurs by September 2013." *See id*. ("When determining the amount of controversy, courts have considered the amount of back pay actually sought, not just the back pay accrued at the time of filing.")

14. Moreover, the *Shupe* court pointed out that the former employee was seeking damages for humiliation and embarrassment as well as attorney's fees. *See id*. "Based on these combined damages," the court was "satisfied that the amount in controversy more likely than not meets the statutory requirement for federal jurisdiction." *See id*.

15.     Like the employee in *Shupe*, Plaintiff was employed on a full-time basis (working between 36 and 40 hours per week), and Plaintiff earned $18.62 per hour at the date of his termination – more than the plaintiff in *Shupe*. (*See* Declaration of L. Rose attached hereto as <u>EXHIBIT B</u>.) Accordingly, at the time of Plaintiff's termination on July 1, 2019, he was earning anywhere between $34,856.64 and $38,729.60[1] per year depending on his weekly schedule. (*See id.*)

16.     In all likelihood, this case would not be tried until late 2021 or early 2022. Because Plaintiff was terminated on July 1, 2019, by the time of trial, Plaintiff's claims for wages will be near or above the $75,000 amount-in-controversy threshold. Additionally, when factoring in the value of attorneys' fees and damages claimed for "emotional distress and mental anxiety" (*see* Amend. Compl. at Paras. 18 and 22), it is "more likely than not" that the amount in controversy exceeds $75,000 in this case.

## PROCEDURAL COMPLIANCE

17.     In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after the receipt by Defendant of a copy of the summons and the initial pleadings setting forth the claim for relief on which this removal is based.

18.     Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the State Court, to the United States District Court for the Eastern District of Kentucky, Covington Division, which embraces the place where the action is pending.

---

[1]     In calculating this annual amount, Defendant used the following formula: (Hourly Rate * Hours Worked Per Week * 52 Weeks). *Cf. Shupe*, 2013 WL 647504, at *2

19. The United States District Court for the Eastern District of Kentucky, Covington Division, embraces the county in which the state court action is now pending, and thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 90(a)(2).

20. No previous application has been made for the relief requested herein.

21. Pursuant to the provisions of 28 U.S.C. § 1446(a), attached as <u>Exhibit A</u> is a copy of the Amended Complaint bearing Case No. 21-CI-00320, filed in the State Court.

22. There are no other Defendants in this action.

23. Written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel, via process server at the address listed in the Amended Complaint.

24. A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon Plaintiff's counsel. *See* 28 U.S.C. § 1446(d).

25. By removing this case from State Court to this Court, Defendant does not waive any available defenses or admit any of the allegations made in Plaintiff's Amended Complaint.

WHEREFORE, Defendant hereby removes this case from the State Court to this Court.

Respectfully submitted, this 12th day of April, 2021.

16377616v1

                                   STURGILL, TURNER, BARKER & MOLONEY, PLLC

                                   By:    /s/ *Jessica R. Stigall*
                                          Joshua M. Salsburey
                                          Jessica R. Stigall
                                          333 West Vine Street, Suite 1500
                                          Lexington, KY  40507
                                          Telephone:  (859) 255-8581
                                          Telecopier:  (859) 231-0851
                                          jsalsburey@sturgillturner.com
                                          jstigall@sturgillturner.com

                                   ARNALL GOLDEN GREGORY LLP

                                   By:    /s/ *Henry M. Perlowski*
                                          Henry M. Perlowski
                                          Georgia Bar No. 118715
                                          (*pro hac vice* forthcoming)
                                          henry.perlowski@agg.com

                                          Edward P. Cadagin
                                          Georgia Bar No. 647699
                                          (*pro hac vice* forthcoming)
                                          edward.cadagin@agg.com

                                          171 17th Street, N.W., Suite 2100
                                          Atlanta, Georgia 30363
                                          Telephone: 404-873-8500
                                          Facsimile: 404-873-8501

                                   *Counsel for Defendant*

16377616v1

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th of April, 2021, a copy of the above pleading was served via the District Court ECM/ECF system, and by first class United States mail, postage prepaid, on the following counsel of record:

Anthony J. Bucher
BONAR, BUCHER, & RANKIN, PSC
3611 Decoursey Avenue
Covington, Kentucky 41015
(859)431-3333
tbucher@lawatbdb.com

*Counsel for Plaintiff*

                                        /s/ *Jessica R. Stigall*
                                        Jessica R. Stigall

16377616v1